NOT FOR PUBLICATION

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| CURTIS MILLS, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No.08-CV-5726 (DMC) |
| MARJAM SUPPLY COMPANY, INC., | : | |
| Defendant. | : | |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter comes before the Court upon motion by Plaintiff Curtis Mills ("Plaintiff") to amend the Complaint; and upon motion by Defendant Marjam Supply Company, Inc. ("Defendant") to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be granted pursuant to FED. R. CIV. P. 12(b)(1) and (6). No oral argument was heard pursuant to FED. R. CIV. P. 78. After carefully considering the submissions of the parties and based upon the following, it is the finding of the Court that Plaintiff's motion to amend the Complaint is **denied** and Defendant's motion to dismiss is **granted**.

## I.   BACKGROUND[1]

### A.   Factual Background

Plaintiff was hired by Defendant on or about August 25, 2006, as a forklift operator. Plaintiff was terminated on December 4, 2006. During his three month tenure with Defendant, Plaintiff who

---

[1] The facts set forth in this Opinion are taken from the statements in the parties' respective papers.

is African American complained that his supervisor often referred to African Americans as "stupid" and on two occasions referred to Plaintiff as a "Nigger." Plaintiff complained about these incidents but no action was taken. Defendant claims that it terminated Plaintiff for leaving work early without permission. Plaintiff asserts that this never occurred.

### B. Procedural Background

Plaintiff initially filed for relief before the New Jersey Division on Civil Rights ("DCR") alleging violations of the New Jersey Law Against Discrimination ("LAD") on January 23, 2007. The DCR investigated Plaintiff's claims and concluded that they were not supported by the facts. On August 11, 2008, Plaintiff filed a Complaint in the Superior Court of New Jersey, Essex County. On November 20, 2008, Defendant filed a motion to remove Plaintiff's Complaint to federal court. On November 25, 2008, Defendant filed a motion to dismiss. In response, on December 17, 2008, Plaintiff filed a motion to remand which had a state court motion to amend attached as an exhibit. Plaintiff attempted to file a motion to amend the Complaint in state court despite the fact that the state court no longer had jurisdiction. Plaintiff filed a motion to amend the Complaint before this Court on January 15, 2009.

## II. STANDARD OF REVIEW

When deciding a motion to dismiss under FED. R. CIV. P. 12(b)(6), all allegations in the complaint must be taken as true and viewed in the light most favorable to the plaintiff. See Warth v. Seldin, 422 U.S. 490, 501 (1975); Trump Hotels & Casino Resorts, Inc., v. Mirage Resorts Inc., 140 F.3d 478, 483 (3d Cir. 1998). In evaluating a Rule 12(b)(6) motion, a court may consider only the complaint, exhibits attached to the complaint, matters of public record, and undisputedly authentic documents if the plaintiff's claims are based upon those documents. Pension Benefit Guar.

Corp. V. White Consol. Indus., 998 F.2d 1192, 1196 (3d Cir. 1993). While under the liberal notice pleading standard a party is not required to plead facts sufficient to prove its case, there still must be an underlying claim for relief before the court. Lum v. Bank of America, 361 F.3d 217, 223 (3d Cir 2004). Moreover, "a court need not credit a complaint's 'bald assertions' or 'legal conclusions' when deciding a motion to dismiss." Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997). If, after viewing the allegations in the complaint in the light most favorable to the plaintiff, it appears beyond doubt that no relief could be granted "under any set of facts which could prove consistent with the allegations," a court shall dismiss a complaint for failure to state a claim. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Zynn v. O'Donnell, 688 F.2d 940, 941 (3d Cir. 1982).

When considering motions seeking dismissal for lack of subject matter jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), "no presumpti[on of] truthfulness attaches to a plaintiff's allegations." Martinez v. U.S. Post Office, 875 F. Supp. 1067, 1070 (D.N.J.1995) (citing Mortensen v. First Fed. Sav. and Loan Ass'n, 549 F.2d 884, 891 (3d Cir. 1977)). "Accordingly, unlike a Rule 12(b)(6) motion, consideration of a Rule 12(b)(1) jurisdiction motion need not be limited; conflicting written and oral evidence may be considered and a court may 'decide for itself the factual issues which determine jurisdiction." Id. (citing Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir.) Cert. denied, 454 U.S. 897 (1981)). "When resolving a factual challenge, the court may consult materials outside the pleadings, and the burden of proving jurisdiction rests with the plaintiff." Med. Soc'y of N.J. v. Herr, 191 F. Supp. 2d 574, 578 (D.N.J. 2002) (citing Gould Elecs. Inc. v. U.S., 220 F.3d 169, 176, 178 (3d Cir. 2000)). Nonetheless, "[w]here an attack on jurisdiction implicates the merits of plaintiff's [F]ederal cause of action, the district court's role in judging the facts may be more limited." Martinez, 875 F. Supp. at 1071 (citing Williamson, 645 F.2d at 413 n.6).

3

**III.     DISCUSSION**

Defendant seeks to dismiss the LAD aspect of Plaintiff's Complaint because of a claim preclusion provision within the statute. Defendant seeks to dismiss all other aspects of Plaintiff's Complaint pursuant to a mandatary arbitration clause in the employment contract signed by Plaintiff and Defendant. Plaintiff responded to Defendant's motion to dismiss in part by filing a motion to amend the Complaint.

**A.     Plaintiff's Motion to Amend and Remand**

A plaintiff has a right to amend its complaint once as a matter of course until the defendant has filed a responsive pleading. FED. R. CIV. P. 15(a). Once a responsive pleading has been filed, a plaintiff may amend its complaint only with the opposing party's written consent or after obtaining leave of the court. Id. Here, Plaintiff has not obtained the Defendant's consent, which means he must obtain leave from the Court.

Leave to amend a complaint should be given freely "when justice so requires." Id. Here, justice does not require allowing Plaintiff to amend the Complaint because any possible claim Plaintiff could plead would be subject to arbitration rending the Amended Complaint futile. Therefore, the Court denies Plaintiff's motion to amend the Complaint.

**B.     Plaintiff's LAD claims**

New Jersey's LAD statute contains a provision that precludes a claimant from seeking relief by utilizing the procedure set forth in LAD and then subsequently by filing a complaint. Specifically, LAD holds that "the procedure herein provided shall, while pending, be exclusive; and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the individual concerned." Chugh v. Western Inventory Services, 33 F. Supp. 2d 285, 290 (D.N.J. 2004).

4

Here Plaintiff initiated a proceeding before the DCR alleging violations of LAD on January 23, 2007. Plaintiff now seeks to have the Court address the same claims. In accordance with the provisions of LAD, Plaintiff's attempt to pursue his LAD claims here is precluded. Therefore, Plaintiff's LAD claims are claims upon which relief cannot be granted and are dismissed.

**C.     Plaintiff's Other Claims**

Plaintiff and Defendant entered into an employment agreement on or about August 25, 2006, wherein both parties agreed to resolve all disputes relating to Plaintiff's employment with Defendant by arbitration. When deciding whether a matter must be submitted to arbitration, courts must make two inquiries: (1) whether the parties have agreed to arbitrate their claims, and (2) whether the specific dispute falls within the scope of the arbitration agreement. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc., 473 U.S. 614, 626-28. (1985); Hilinski v. Gordon Terminal Serv. Co. of N.J., Inc., 265 Fed. Appx. 66, 68-69 (3d Cir. N.J. 2008). In making these determinations, courts must be mindful of the federal policy favoring arbitration of disputes. Moses H. Cohen Hospital v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983). Where a contract contains an arbitration clause, a presumption of validity arises which can be overcome only if the court can determine with positive assurance that the clause does not cover the dispute at issue. AT&T Technologies v. Communications Workers of America, 475 U.S. 643, 650 (1986). Moreover, if a plaintiff seeks relief in federal court for a claim that is subject to an arbitration agreement, the defendant is entitled to a stay of the court proceeding pending arbitration, and to an order compelling arbitration. If the plaintiff's entire action is subject to an arbitration agreement, a court may dismiss the action instead of staying it. See Dancu v. Coopers & Lybrand, 778 F. Supp. 832, 835 (E.D. Pa. 1991), aff'd, 972 F.2d 1330 (3d Cir. 1992).

The arbitration clause contained in the employment agreement signed by both parties

provides that:

> The parties agree that all disputes arising hereunder regarding this Agreement and the employment relations in general between [e]mployer and [e]mployee shall be submitted to independent and binding arbitration, to be conducted with the rules of the American Arbitration Association. The decision of the arbitrator(s) shall be final, both parties acknowledge and agree that the arbitrator(s) decision shall not be appealable to a court of competent jurisdiction. This provision shall survive the termination of this Agreement, regardless of the reason for the termination.

The employment agreement demonstrates that Plaintiff agreed to pursue all claims arising out of his employment relationship with Defendant by arbitration before the American Arbitration Association. Plaintiff's claims in the instant matter appear to fall within the arbitration clause as they arise out of his employment relationship with Defendant. Plaintiff does not address the arbitration clause. Plaintiff does not raise any objection to or argument against the application of the arbitration clause. Therefore, this Court concludes that the parties freely entered into an employment contract containing an arbitration clause and that said arbitration clause precludes the Court from adjudicating the remaining claims.

## IV.    CONCLUSION

Based on the foregoing, Plaintiff's motion to amend the Complaint is **denied**; and Defendant's motion to dismiss Plaintiff's Complaint pursuant to Fed. R. Civ. P. 12(b)(1) and (6) is **granted**. An appropriate Order accompanies this Opinion.

    S/ Dennis M. Cavanaugh  
Dennis M. Cavanaugh, U.S.D.J.

Date:          January    29   , 2009  
Orig.:         Clerk  
cc:            All Counsel of Record  
              Hon. Mark Falk, U.S.M.J.  
              File